UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROBIN L. HELFNER and STANLEY HELFNER,

                Plaintiffs,

             - against -

PRESTON B. STEPHENS and J&S STEPHENS
ENTERPRISE, LLC

               Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**
Civil Action No.


Jury Trial Demanded

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

### I. NATURE OF THE ACTION

1.     This is a negligence action arising from a motor vehicle accident which occurred on May 23, 2024, on eastbound Interstate 495 (Long Island Expressway), in the vicinity of Walt Whitman Road, in the Town of Huntington, County of Suffolk, State of New York. The accident was caused by the negligence of Defendant PRESTON B. STEPHENS (hereinafter "Defendant STEPHENS"), who operated a 1997 Kenworth tractor bearing North Carolina license plate number NK9613, owned by Defendant J&S STEPHENS ENTERPRISE LLC (hereinafter "Defendant J&S") , in a careless and reckless manner, causing said vehicle to strike the vehicle in which Plaintiffs ROBIN L. HELFNER and STANLEY HELFNER were passengers. Plaintiffs ask the Court to enter judgment against the Defendant.

### II. JURISDICTION

2.     This Court has diversity jurisdiction over the parties under 28 U.S.C. § 1332(a)(1), because the suit involves a controversy between parties of diverse citizenship and the amount in

controversy exceeds $75,000.00, excluding interest and costs. Plaintiffs Robin L. Helfner and Stanley Helfner are citizens of the State of New York. Upon information and belief, Defendant STEPHENS is a citizen of the State of North Carolina. Upon information and belief, Defendant J&S is a single-member Limited Liability Company whose sole owner and member is Defendant STEPHENS, a resident of the State of North Carolina The Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

## III. VENUE

3.    Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the events or omissions giving rise to the lawsuit occurred. Specifically, the subject motor vehicle accident occurred in the County of Suffolk, State of New York, which is situated within the Eastern District of New York.

## IV. PARTIES

4.    Plaintiff ROBIN L. HELFNER is an individual who, at all relevant times herein, resided at 30 Cedar Ridge Lane, Dix Hills, County of Suffolk, State of New York.

5.    Plaintiff STANLEY HELFNER is an individual who, at all relevant times herein, resided at 30 Cedar Ridge Lane, Dix Hills, County of Suffolk, State of New York.

6.    Upon information and belief, at all relevant times herein, Defendant STEPHENS is an individual who resides at 5791 Butler Road, Fairmont, North Carolina 28340.

7.    Upon information and belief, at all relevant times herein, Defendant J&S is a Limited Liability Company whose principal place of business, headquarters, base of operations and nerve center are located in the State of North Carolina.

8.　　Upon information and belief, at all relevant times herein, Defendant PRESTON B. STEPHENS is an individual who resides at 5791 Butler Road, Fairmont, North Carolina 28340.

## V. FACTS

9.　　On or about May 23, 2024, at approximately 11:46 a.m., Plaintiffs ROBIN L. HELFNER and STANLEY HELFNER were passengers in a 2022 Nissan bearing New York State license plate number GMK2947, owned and operated by Bonnie S. Helfner[1].

10.　　At all relevant times herein, the subject vehicle bearing New York State license plate number GMK2947 was traveling eastbound in the center lane of Interstate 495 (Long Island Expressway), a public highway, in the vicinity of Walt Whitman Road, in the Town of Huntington, County of Suffolk, State of New York.

11.　　Upon information and belief, at all relevant times herein, Defendant STEPHENS owned the 1997 Kenworth tractor bearing North Carolina license plate number NK9613.

12.　　Upon information and belief, at all relevant times herein, Defendant J&S owned the 1997 Kenworth tractor bearing North Carolina license plate number NK9613.

13.　　Upon information and belief, at all relevant times herein, Defendant STEPHENS was the registered owner of the 1997 Kenworth tractor bearing North Carolina license plate number NK9613.

---

[1] BONNIE S. HELFNER is a Plaintiff in a related action currently pending in the District Court for the Eastern District of New York, case 2:24-cv-07125-GRB-ST.

14.    Upon information and belief, at all relevant times herein, Defendant J&S was the registered owner of the 1997 Kenworth tractor bearing North Carolina license plate number NK9613.

15.    Upon information and belief, on or about May 23, 2024, at approximately 11:46 a.m., Defendant STEPHENS operated the aforementioned 1997 Kenworth tractor bearing North Carolina license plate number NK9613 in the center lane of eastbound Interstate 495, and negligently attempted to change lanes, causing said vehicle to violently strike the vehicle in which Plaintiffs were passengers.

16.    As a direct and proximate result of the aforesaid collision, Plaintiffs ROBIN L. HELFNER and STANLEY HELFNER sustained serious and permanent personal injuries.

## AS AND FOR A FIRST CAUSE OF ACTION IN NEGLIGENCE AGAINST THE DEFENDANT

17.    Plaintiffs repeat and re-allege paragraphs "1" through "16" above as if fully set forth and restated here.

18.    At all relevant times herein, Interstate 495, also known as the Long Island Expressway, at or near Walt Whitman Road in the Town of Huntington, County of Suffolk, City and State of New York, was and still is a public highway open to use by motor vehicles.

19.    On or about May 23, 2024, at approximately 11:46 a.m., Plaintiffs ROBIN L. HELFNER and STANLEY HELFNER were passengers in a vehicle bearing New York State license plate number GMK2947.

20.     On or about May 23, 2024, at approximately 11:46 a.m., there was contact between the vehicle in which Plaintiffs were passengers and the vehicle owned and operated by Defendant STEPHENS.

21.     On or about May 23, 2024, at approximately 11:46 a.m., there was contact between the vehicle in which Plaintiffs were passengers and the vehicle owned by Defendant J&S and operated by Defendant STEPHENS.

22.     On or about May 23, 2024, at approximately 11:46 a.m., the 1997 Kenworth tractor owned and operated by Defendant STEPHENS struck the vehicle in which Plaintiffs ROBIN L. HELFNER and STANLEY HELFNER were passengers.

23.     Upon information and belief, on or about May 23, 2024, Defendant STEPHENS observed the vehicle inside which Plaintiffs were passengers prior to the contact.

24.     Upon information and belief, on or about May 23, 2024, Defendant STEPHENS failed to observe the vehicle inside which Plaintiffs were passengers prior to the contact.

25.     The occurrence hereinabove described was caused solely and wholly through the carelessness, negligence and recklessness of Defendants STEPHENS and J&S, jointly and/or severally with co-defendants, agents, servants and/or employees: in the operation and control of his motor vehicle; in that they operated his motor vehicle in reckless disregard for the safety and welfare of others lawfully in the area; did not operate their motor vehicle in a reasonable and careful manner under the circumstances; failed to keep a proper lookout; failed to see what was there to be seen; failed to pay attention; failed to allow a safe distance between his vehicle and the vehicles adjacent to it; failed to give any warning of the impending occurrence; failed to take cognizance of the character of the roadway and of the traffic conditions at said time and place;

failed to respond to the conditions existing at the time and place of the occurrence; operated his vehicle at a dangerous and excessive rate of speed; failed to yield; failed to yield to a vehicle in the center lane; violated statutory rules and regulations; failed to properly maintain said vehicle; failed to apply the brakes of his motor vehicle safely and/or properly to avoid the happening of the accident; failed to take proper evasive action necessary to avoid the happening of the accident; failed to brake the vehicle in order to avoid the happening of the accident; had unsafe equipment; had an unsafe braking system in his motor vehicle; failed to obey the rules of the road; failed to utilize signals; failed to properly utilize signals; failed to obey traffic control devices; performed an unsafe lane change; failed to ensure that the lane into which he was merging was clear before doing so; and that Defendant was otherwise negligent, careless and reckless in the instance.

26. Upon information and belief, at all times herein mentioned, the roadway was in a safe and proper condition for normal vehicle operation.

27. That said accident and the injuries resulting therefrom to Plaintiffs, herein, were caused solely by the negligence of the Defendant and without any negligence on the part of the Plaintiffs contributing thereto.

28. That Plaintiff ROBIN L. HELFNER has sustained a serious injury as defined in the Insurance Law of the State of New York, Section 5102(d).

29. That Plaintiff ROBIN L. HELFNER is a "covered person" as defined by Section 5102(j) of the Insurance Law of the State of New York.

30. That Plaintiff STANLEY HELFNER has sustained a serious injury as defined in the Insurance Law of the State of New York, Section 5102(d).

31.    That Plaintiff STANLEY HELFNER is a "covered person" as defined by Section 5102(j) of the Insurance Law of the State of New York.

32.    The causes of action asserted herein are not subject to the provisions of Article 16 of the CPLR and/or come within the stated exceptions as set forth in the CPLR.

33.    By reason of the foregoing, Plaintiff ROBIN L. HELFNER sustained severe, serious and permanent personal injuries and suffered great pain, physical and mental anguish, all to her damage in a sum that exceeds the jurisdictional limits of all lower courts.

34.    By reason of the foregoing, Plaintiff STANLEY HELFNER sustained severe, serious and permanent personal injuries and suffered great pain, physical and mental anguish, all to his damage in a sum that exceeds the jurisdictional limits of all lower courts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request a jury trial on all issues triable to a jury and pray for judgment against the Defendant herein on all causes of action in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

DATED: Westbury, New York
        May 11, 2026

SOLINSKY & COMPANY, PLLC
Daniel Justus Solinsky, Esq.
Attorneys for Plaintiffs
7001 Brush Hollow Road
Westbury, NY 11590
(516) 742-9200